357 P.2d 188

Max E. WADDOUPS, Plaintiff and
Appellant,

v.

Richard F. FORBUSH and Ted Thuet,
Defendants and Respondents.

Nos. 9058, 9091.

Supreme Court of Utah.

Dec. 6, 1960.

Bushnell, Crandall & Beesley, Salt Lake
City, for appellant.

Rich & Strong, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a summary judgment in favor of defendant Thuet. Affirmed. Costs to defendants.

Waddoups drove south on State Street, an arterial highway, and stopped at the intersection at 4600 South preparatory to making a left turn when traffic was clear. Defendant Forbush, also traveling south, drove his car into the rear end of Waddoups' auto, shoving it into the path of Thuet's car which was traveling north and entering the intersection on State Street. Waddoups sued both Forbush and Thuet. He alleged that Thuet 1) did not keep a proper lookout, 2) drove too fast, and 3) failed to yield the right of way.

Using discovery procedure under the rules it appeared from Waddoups' deposition that Thuet's car was sufficiently close as to constitute a hazard for Waddoups to turn left before the former passed through, and that but for the rear end collision, the one with Thuet's car would not have occurred. Waddoups offered no evidence of

**218**

Thuet's speed, except to say that traffic was normal. It would seem that any claim of failure to keep a proper lookout would be without merit, since Waddoups concededly was stopped, imposing on any reasonable person a duty to observe that fact only, with a concomitant expectation there would be no sudden change in that fact by any sudden, unexpected movement. As to any failure to yield the right of way, there was no reason for Thuet to stop and yield the right of way to the driver of a car who obviously was yielding the right of way to him.

In view of the facts elicited by Waddoups himself we conclude that under the letter and spirit of the rules no error can be attributed to granting the motion for summary judgment.

Waddoups' contention that granting the motion required a piercing of the pleadings of negligence with evidence establishing there is no genuine issue of fact, is satisfied by his own effective piercing of such pleadings by his admissions. Pleadings need not be pierced only by him against whom they are directed, but the thrust may be accomplished by a weapon fashioned by the pleader himself.

We concur:

CROCKETT, C. J., and WADE, McDONOUGH, and CALLISTER, JJ., concur.